**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2197
_____

MARK C. ROKITA, JR.,
　　　　　　　　　　　　Appellant

v.

SCOTT KLINEFELTER; TARA JOHNS; JASON VELLO; WELPATH MEDICAL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00158)
District Judge: Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2025

Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: November 13, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Mark Rokita, Jr. appeals a District Court order dismissing his complaint for failure to state a claim. We will affirm.

I.

Rokita filed his July 2023 civil rights complaint against multiple employees and contractors of SCI Houtzdale in the Western District of Pennsylvania. He alleged violations of the First, Eighth, and Fourteenth Amendments and the Americans with Disabilities Act (ADA) relating to events that occurred between August and October 2022 while he was incarcerated at SCI Houtzdale.[1]

The Magistrate Judge screened Rokita's complaint pursuant to 28 U.S.C. § 1915(e) and recommended dismissal of Rokita's complaint for failure to state a claim without leave to amend. The District Court adopted the recommendation over Rokita's objections, dismissing the complaint pursuant to § 1915(e)(2)(B)(ii) with prejudice for failure to state a claim. Rokita timely appealed.[2]

---

[1] Rokita was released in July 2024 and is no longer incarcerated.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's de novo review of a Magistrate Judge report and its dismissal of claims under § 1915(e)(2). See Henderson v. Carlson, 812 F.2d 874, 878 n.4 (3d Cir. 1987); see also Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021). To avoid dismissal for failure to state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Construing Rokita's complaint liberally, see Vogt, 8 F.4th at 185, we accept all factual allegations in the complaint as true and view those facts in the light most favorable to Rokita. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

II.

The District Court properly dismissed all of Rokita's claims. We address only the issues raised by Rokita's brief on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

A.

The District Court properly dismissed Rokita's First Amendment retaliation claim against Defendant Tara Johns. Rokita claims that, in retaliation for his filing a prior-state court action seeking access to Medication Assisted Treatment ("MAT") for all inmates, Nurse Johns denied him access to pain medication and MAT. However, he failed to plead the necessary causal link between the state action and Johns's conduct. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Rokita alleged that staff members pointed out a local newspaper article about his prior state court case and he concluded that it "[was] apparent" that Nurse Johns "went out of her way a few times to intervene in [his] treatment." (See ECF No. 8 at 11.) But Rokita failed to allege that Nurse Johns had read the article.

B.

The District Court properly dismissed Rokita's Eighth Amendment claims against Defendants Johns, Wellpath Medical, and Klinefelter.[3] To succeed on such a claim, a

_____

[3] The District Court properly dismissed Rokita's Eighth Amendment claims against Defendants Wellpath Medical and Klinefelter. Section 1983 does not provide for vicarious liability. See Iqbal, 556 U.S. at 676; see also Natale v. Camden Cnty Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) (noting that defendant health service could

plaintiff must show that: (1) "[a] defendant[] [was] deliberately indifferent to [his] medical needs" and (2) "those needs were [objectively] serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up). This Court has found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plaintier, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted). However, courts will not "second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (cleaned up).

Rokita argues that his complaint sufficiently showed that the DOC staff refused him any pain medication after his umbilical hernia surgery on August 5, 2022. Rokita alleged that the medical center denied several requests for painkillers for him after his surgery, and he was only called to medical to receive a few Tylenol from Nurse Johns after his family called in. When he made a second request to medical, he was not called

---

not "be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability [and plaintiffs had to] provide evidence that there was a relevant [health service] policy or custom, and that the policy caused the constitutional violation they allege[d]"). Rokita has not alleged that specific Wellpath policies or customs caused the alleged violations. Nor has he alleged sufficient facts to plausibly allege that Defendant Klinefelter was personally involved in any alleged violation.

for three days and then was turned away for being improperly dressed due to his pain. Rokita did not allege initiating additional sick-calls or requesting painkillers after that day.

Accepting Rokita's allegations as true, he has not alleged facts from which it can be plausibly inferred that Defendant Johns was deliberately indifferent to a serious medical need. Although allegedly annoyed by his family calling, Johns did see him in the medical center on August 6 and did provide him with a few Tylenol. Rokita may have preferred a stronger painkiller on that initial visit; however, preference alone cannot establish deliberate indifference. See Inmates of Allegheny Cnty. Jail, 612 F.2d at 762. Moreover, Rokita does not allege Johns was responsible for any delay in his not being called to the medical center again for three days. Thus, his Eighth Amendment claim against Nurse Johns was properly dismissed.

C.

The District Court properly dismissed Rokita's ADA claim. To establish a violation of Title II of the ADA, "plaintiffs must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." Durham v. Kelly, 82 F.4th 217, 225 (3d Cir. 2023). His claims for injunctive and declaratory relief were mooted by his release from prison, see Yeskey v. Com. of Pa. Dep't of Corr., 118 F.3d 168, 174 (3d Cir. 1997), leaving just his claims for compensatory damages, which

5

requires a plaintiff to "show intentional discrimination under a deliberate indifference standard," meaning that he "must allege (1) knowledge that a federally protected right is substantially likely to be violated . . . and (2) failure to act despite that knowledge." Durham, 82 F.4th at 225-26 (cleaned up).

Rokita asserts that he qualified under the ADA and that he was excluded from receiving the prison's MAT because he was an addict. Rokita alleged that, as a result of having been addicted to opioids and not having pain medication, he requested to start with MAT as soon as possible. The Medical Center scheduled Rokita to start Vivitrol; however, a few days prior, he took an illicit Suboxone to control his opioid cravings and was told that the Suboxone had to be out of his system before taking Vivitrol to prevent an adverse reaction. On September 13, 2022, he took a urine sample prior to being able to receive Vivitrol that "was inclusive for marijuana and Bupr[e]no[r]phine," an active ingredient in Suboxone.[4] Defendant Johns "intervened" before Rokita could provide a second urine sample, and when Rokita admitted to taking Suboxone a week before, she "exclaimed, 'that's it, [you're] out of here, [you're] not getting treatment!" Rokita then alleged that Correctional Officer Smith escorted him out of medical and told him that "he

---

[4] We take judicial notice of this medical fact about Buprenorphine, see Medication Guide Suboxone, U.S. Food & Drug Admin. 32 (June 17, 2022), https://www.accessdata. fda.gov/drugsatfda_docs/label/2022/020733s031s032lbl.pdf#page=32, because "[w]ell-known medical facts are the types of matters of which judicial notice may be taken." United States v. Howard, 381 F.3d 873, 880 & n.7 (9th Cir. 2004) (citations omitted).

'will never receive treatment.'" Rokita claimed that, by denying him treatment on that day, Johns violated his rights under the ADA.

Drug addiction qualifies as a disability under the ADA, see 42 U.S.C. § 12102; 28 C.F.R. § 35.108(b)(2), and Nurse Johns prevented Rokita from receiving Vivitrol as part of the prison's MAT services on September 13, 2022. However, Rokita has alleged that Nurse Johns did so based on his use of Suboxone, which can react adversely with Vivitrol. This exercise of medical judgment does not constitute deliberate indifference to his rights under the ADA. See generally Inmates of Allegheny Cnty. Jail, 612 F.2d at 762; S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 263 n.23 (3d Cir. 2013) (likening deliberate indifference standards under the ADA and § 1983); 28 C.F.R. Appendix C to Part 36 (explaining that the regulations "permit[] a medical practitioner to take into account an individual's use of drugs in determining appropriate medical treatment").

## D.

Rokita claims his due process rights were violated when, as punishment for his use of Suboxone, he was deprived of his educational materials.[5] Even assuming that a

---

[5] To the extent Defendant Vello's alleged intentional deprivation of Rokita's property for six months was unauthorized by prison policy, his due process claim fails. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (noting that "an unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available"); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (holding that the Pennsylvania DOC grievance procedures provide such post-deprivation remedies).

deprivation of property occurred and that the disciplinary proceedings did not accord Rokita the full scope of procedural rights by precluding witness testimony, any violation was harmless. See Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992) (applying harmless-error analysis to procedural challenge to prison disciplinary proceeding).

Rokita's misconduct charge was for the possession or use of a controlled substance. The proposed witness testimony would have allegedly noted an inclusive urine test. Because Rokita had admitted his use of Suboxone to the nurses,[6] that testimony could not have affected the result of the proceedings. See Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002) (per curiam) (explaining that prison can deny an inmate an opportunity to present witnesses "whose testimony would be irrelevant, repetitive, or unnecessary"); see generally Elkin, 969 F.2d at 53. Because Rokita was not prejudiced by the exclusion of his witnesses, any due process violation was harmless.

III.

For the forgoing reasons, we will affirm the District Court's judgment.[7]

---

[6] Rokita alleged that this statement should have been confidential; however, the policy he provided refers to confidentiality during "psychological evaluation or treatment" and says nothing of the confidentiality of statements regarding the use of controlled substances when seeking other medical treatment.

[7] The District Court did not violate Rokita's right to a jury trial under the Seventh Amendment by dismissing the complaint. See, e.g., Haase v. Countrywide Home Loans, Inc., 748 F.3d 624, 631 n.5 (5th Cir. 2014).